UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-237 (JRT/BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br> )<br>Plaintiff,  )<br> )<br>v.  )<br> )<br>(1)  USAMA DARWICH HAMADE,  )<br>a/k/a "Prince Sam" Hamade,  )<br> )<br>Defendant.  ) | PLEA AGREEMENT AND<br>SENTENCING STIPULATIONS |

The United States of America and Usama Darwich Hamade (hereinafter referred to as the "defendant") agree to resolve the above-captioned case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count 1 of the Second Superseding Indictment, charging him with Conspiracy to Violate the International Emergency Economic Powers Act and the Export Administration Regulations (the "EAR"), and to Violate the Arms Export Control Act and the International Traffic in Arms Regulations (the "ITAR"), in violation of 18 U.S.C. § 371. The defendant fully understands the nature and elements of the crime with which he has been charged. In return for the defendant's plea to Count 1, the United States Attorney's Office for the

1



District of Minnesota agrees not to charge the defendant with any crimes known to it as of the date of the defendant's change-of-plea hearing, and to move the Court to dismiss Count 2 of the Second Superseding Indictment at the time of sentencing.

2. **Factual Basis.** The defendant offers the following facts as the factual basis for his plea of guilty to Count 1. The government agrees that the following facts offered by the defendant establish an adequate factual basis for the defendant's plea to conspiring to violate the EAR and the ITAR:

a. In 2009, Usama Hamade, Issam Hamade's brother and co-defendant, traveled to Syria with a representative of a South African armaments firm. Usama Hamade asked Issam Hamade to meet him in Syria, which Issam Hamade did. Present at the meeting were Usama Hamade, Issam Hamade, a representative of the South African armanents firm, and persons claiming to act on behalf of the government of Syria.

b. Between 2009 and 2011, Usama Hamade arranged to purchase various uncrewed aerial vehicle ("UAV") parts and technology from various countries, including the United States.

c. In 2010 and 2011, Usama Hamade requested that Issam Hamade transfer money from Lebanon to accounts in South Africa to fund the purchase of various UAV parts and technology from various countries, including the United States.

d. The ultimate recipient of the UAV parts and technology, including the parts and technology that was being sourced in the United States, was the government of Syria. Usama Hamade knew he was violating U.S. law by making these transfers.

2



 e. Usama Hamade acknowledges that the government could prove, beyond a reasonable doubt, that one or more members of the conspiracy committed an overt act in furtherance of its unlawful objective.

The defendant acknowledges that his conduct violated Title 18, United States Code, Section 371.

 3. **<u>Waiver of Pretrial Motions</u>**.  The defendant understands and agrees that he has certain rights to file pre-trial motions in this case.   In fact, the defendant has already filed pre-trial motions, including motions to dismiss this case on venue grounds, to suppress certain statements made by the defendant in foreign bail proceedings, and to suppress the fruits of a search warrant.  The Court has not yet ruled on these motions.  As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to continue to pursue his pretrial motions in this case, and agrees to withdraw, and hereby does withdraw, the pretrial motions he has filed in this case.

 4. **<u>Statutory Penalties</u>**. The defendant understands that the maximum statutory penalties for the conspiracy to violate the EAR and the ITAR, and their enabling statutes, as charged in Count 1 of the Second Superseding Indictment, are as follows:

  a. a term of imprisonment of up to 5 years;

  b. a fine of up to $250,000, or twice the gross gain or loss attributable to the defendant's criminal activity;

  c. a term of supervised release of up to 3 years;



    d.    a special assessment of $100.00, which is payable to the Clerk of Court prior to sentencing;

    e.    payment of mandatory restitution in an amount to be determined by the Court (although, as discussed below, the parties believe that restitution does not apply to this case); and

    f.    assessment to the defendant of the costs of prosecution (as defined in 28 U.S.C. § 1918(b) and 1920).

5. **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6. **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* The parties also acknowledge that the Court will consider the United States Sentencing Guidelines to determine the appropriate sentence and stipulate to the following guideline calculations:

    a.    Base Offense Level. The parties agree that the offense of conviction involved the exportation of the CMIGIT inertial measurement units, which were munitions and on the United States Munitions List. The base offense level is therefore 26 pursuant to U.S.S.G. § 2M5.2(a)(1).

    b.    Specific Offense Characteristics. The parties agree that no specific offense characteristics apply.

    c.    Chapter Three Adjustments. The parties agree that no Chapter 3 adjustments apply, other than acceptance of responsibility, discussed in the next subparagraph

    d.    Acceptance of Responsibility. The United States agrees to recommend that the defendant receive a 3-level reduction for

4



acceptance of responsibility and to make any appropriate motions with the Court. However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1.

e. <u>Criminal History Category</u>. Based on information available at this time, the parties believe that the defendant's criminal history category is I. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

f. <u>Imprisonment Range</u>. If the adjusted offense level is 23, and the criminal history category is I, the Guidelines imprisonment range is 46 to 57 months' imprisonment. (U.S.S.G. Ch. 5, Pt. A).

g. <u>Fine Range</u>. If the adjusted offense level is 23, the fine range is $20,000 to $200,000. (U.S.S.G. § 5E1.2(c)(3)).

h. <u>Supervised Release</u>. The Guidelines advise that the Court should not impose a term of supervised release because "supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." (U.S.S.G. § 5D1.2(c)).

i. <u>Sentencing Recommendation and Departures</u>. The parties each reserve the right to make motions for a variance or departure, and to ask the Court to impose a sentence outside of the guidelines range.

7. **Discretion of the Court**. The foregoing stipulations are binding on the parties but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline



factors and the applicable criminal history category. The Court may also depart from the applicable guidelines. If the Court determines that the applicable guideline calculation or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees to pay the $100 special assessment at the time of sentencing.

9. **Restitution**. The offense of conviction is not subject to the mandatory victim restitution act, and the parties agree that the defendant should not be ordered to pay restitution as part of his sentence.

10. **Forfeiture**. The Second Superseding Indictment does not contain a forfeiture allegation, and the government agrees that it will not seek to avail itself of forfeiture remedies in this case.

11. **Waivers of Appeal and Collateral Attack**. The defendant understands that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal the defendant's sentence, unless the sentence exceeds a sentence of 57 months' imprisonment. In addition, the defendant expressly waives the right to petition



under 28 U.S.C. § 2255. The United States also waives its right to seek appellate review of any sentence imposed by the Court on any ground set forth in 18 U.S.C. § 3742, unless the Court imposes a sentence of less than 46 months' imprisonment. However, the waivers by the defendant noted above shall not apply to a direct appeal or post-conviction collateral attack based on a claim of ineffective assistance of counsel. The defendant has discussed these rights with his attorneys. The defendant understands the rights being waived, and he waives these rights knowingly, intelligently, and voluntarily.

12. **Freedom of Information Act Waiver.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

13. **Stipulation to Judicial Order of Removal**. The defendant agrees to the entry of a stipulated judicial order of removal pursuant to Title 8, United States Code, Sections 1228(c)(5) and 1182. Specifically, the defendant admits that the defendant is a citizen of the Republic of South Africa, and that the defendant is removable from the United States pursuant to Title 8, United States Code, Section 1182 because the defendant does not possess a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by law. The government agrees to facilitate the defendant's prompt removal from the United States to the Republic of South Africa upon the expiration of any custodial sentence.

14. **Complete Agreement.** This agreement is the entire agreement and

7



understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Date:

ERICA H. MACDONALD
United States Attorney

By: s/John Docherty
DAVID J. MACLAUGHLIN
JOHN DOCHERTY
Assistant U.S. Attorneys

Date: 05/12/2020

USAMA DARWICH HAMADE
Defendant

Date: May 12, 2020

MANNY K. ATWAL
DOUGLAS MICKO
Attorneys for Defendant